IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICHOLAS PATRICK,

    Petitioner,                   No. 2:11-cv-1195 KJN P

    vs.

ALFONSO FILLON,

    Respondent.                ORDER TO SHOW CAUSE

_____/

        Petitioner is a state prisoner, proceeding without counsel, in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. On August 30, 2011, respondent filed and served a motion to dismiss the petition, on the ground that it contains claims that have not been exhausted in the state courts.[1] (Dkt. No. 13.) Petitioner has not responded to the pending motion. Pursuant to the court's order filed May 5, 2011, petitioner's opposition or statement of non-opposition to a

---

[1] Petitioner must exhaust his state court remedies before filing a federal habeas petition. 28 U.S.C. § 2254(b)(1). A federal district court may not entertain a "mixed" petition for writ of habeas corpus that contains both exhausted and unexhausted claims. Id.; Rose v. Lundy, 455 U.S. 509 (1982). Petitioner is cautioned that the federal habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date when the state court judgment became final by the conclusion of direct review, or expiration of the time for seeking direct review, although the statute of limitations is tolled during the pendency of a properly-filed application for state post-conviction or other collateral review. 28 U.S.C. § 2244(d).

1  motion to dismiss must be filed and served within twenty-eight days after service of the motion.
2  (Dkt. No. 3.)  Local Rule 230(l) provides that "[f]ailure of the responding party to file written
3  opposition or to file a statement of no opposition may be deemed a waiver of any opposition to
4  the granting of the motion."  Local Rule 110 provides that failure to comply with the Local Rules
5  "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within
6  the inherent power of the Court."

7      Accordingly, good cause appearing, IT IS HEREBY ORDERED that petitioner
8  shall show cause, within twenty-one days after service of this order, why his failure to oppose
9  respondent's August 30, 2011 motion to dismiss should not be deemed a waiver of opposition to
10 the motion.  If petitioner intends to oppose the motion, he shall say so in his response to the order
11 to show cause, and separately file his opposition within the same deadline.  Failure of petitioner
12 to timely respond to this order, or to file an opposition to the pending motion, will be construed
13 as abandonment of this action, and result in a recommendation that this action be dismissed.

14 DATED:  October 18, 2011

16     _____
    KENDALL J. NEWMAN
17     UNITED STATES MAGISTRATE JUDGE

18 patr1195.osc.nooppo.