IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICHOLAS PATRICK,

    Petitioner,                    No. 2:11-cv-1195 JAM KJN P

    vs.

ALFONSO FILLON,[1]

    Respondent.                <u>ORDER</u>

                            /

          Petitioner is a state prisoner proceeding without counsel. On August 30, 2011, respondent filed a motion to dismiss petitioner's application for a writ of habeas corpus, on the ground that the petition contains unexhausted claims. After review of the record, the court finds respondent's motion should be granted in part, and petitioner granted leave to proceed depending upon the election chosen.

I. <u>Background</u>

          Petitioner was convicted on March 23, 2007, of two counts of first degree murder and robbery. (Respondent's Lodged Document ("LD") 1 at 2.) The jury found true the special circumstance allegations that there were multiple murders, and that the murders were committed

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Alfonso Fillon, current warden of Salinas Valley State Prison, is substituted as respondent herein.

1  during the commission of a robbery.  The jury also found true the allegations that during the
2  commission of the offenses, petitioner discharged a firearm, caused death or great bodily injury,
3  and personally used a firearm.  Petitioner was sentenced to state prison for seventy-eight years to
4  life, plus two consecutive life terms without the possibility of parole.  (Id.)

5        Petitioner filed a timely appeal.  On April 7, 2009, the California Court of Appeal,
6  Third Appellate District, affirmed petitioner's conviction and sentence.  (LD 4.)  On May 18,
7  2009, petitioner filed a petition for review in the California Supreme Court, raising nine claims.
8  (LD 5.)  On July 22, 2009, the petition for review was denied without comment.  (LD 6.)

9        On April 13, 2010, petitioner filed a petition for writ of habeas corpus in the San
10 Joaquin County Superior Court.  (LD 7.)  Petitioner raised one claim alleging ineffective
11 assistance of appellate counsel.  (Id.)  On June 8, 2010, the Superior Court denied the petition in
12 a reasoned decision.  (LD 8.)

13       On July 15, 2010, petitioner filed a petition for writ of habeas corpus in the
14 California Court of Appeal, Third Appellate District, raising the ineffective assistance of
15 appellate counsel claim.  (LD 9.)  On July 22, 2010, the petition was denied without comment.
16 (LD 10.)

17       On August 18, 2010, petitioner filed a petition for writ of habeas corpus in the
18 California Supreme Court.  (LD 11.)  Petitioner raised one claim of ineffective assistance of
19 appellate counsel and two claims of ineffective assistance of trial counsel.  (Id.)  On March 30,
20 2011, the California Supreme Court denied the petition without comment.  (LD 12.)

21       On May 4, 2011, petitioner filed the instant petition raising twelve grounds for
22 relief.  (Dkt. No. 1.)

23 II.  Exhaustion

24       Respondent contends that petitioner failed to exhaust claim 12, petitioner's
25 allegation that trial counsel rendered ineffective assistance by failing to move for dismissal of the
26 robbery charge when the evidence only showed the crime of theft, and, as a result, petitioner's

1  claim 13, alleging cumulative error, is also unexhausted because claim 12 was not included in the
2  cumulative error claim presented to the California Supreme Court.  (LD 5.)
3        Petitioner did not file an opposition to the motion.  On October 18, 2011,
4  petitioner was directed to show cause why his failure to oppose the motion should not be deemed
5  a waiver of opposition to the motion.  On November 1, 2011, petitioner filed a response to the
6  order to show cause.  Petitioner states that his failure to respond to the motion was not
7  intentional, but that petitioner suffers from mental conditions and lacks education.  (Dkt. No. 16
8  at 1.)  Petitioner asked the court to "find merit and support this response and rule on his
9  response."  (Id. at 2.)  However, petitioner's response contains no substantive opposition to
10 respondent's motion.
11       A federal district court may not entertain a petition for writ of habeas corpus
12 unless the petitioner has exhausted state remedies with respect to *each* of the claims raised.  Rose
13 v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion
14 requirement by providing the highest state court with a full and fair opportunity to consider all
15 claims before presenting those claims to the federal court.  Picard v. Connor, 404 U.S. 270, 276
16 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.).  A state court has had an opportunity
17 to rule on the merits of a claim if that claim was fairly presented, that is, the petitioner described
18 the operative facts and legal theory on which the claim is based.  Picard, 404 U.S. at 277-78.  It is
19 generally "not enough that all the facts necessary to support the federal claim were before the
20 state courts . . . or that a somewhat similar state-law claim was made."  Anderson v. Harless, 459
21 U.S. 4, 6 (1982).  Rather, "a claim for relief in habeas corpus must include reference to a specific
22 federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to
23 relief."  Gray v. Netherland, 518 U.S. 152, 162-63; Picard, 404 U.S. at 271; see also Duncan v.
24 Henry, 513 U.S. 364, 365 (1995) ("If a habeas petitioner wishes to claim that an evidentiary
25 ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth
26 Amendment, he must say so, not only in federal court, but in state court").

Here, petitioner raised one claim of ineffective assistance of trial counsel in the petition for review filed in the California Supreme Court. (LD 5.) In claim 5, petitioner argued that he was denied the effective assistance of counsel when his attorney failed to object to the admission of his co-defendant's hearsay statements that petitioner fired the gun. (Id.) Petitioner raised two claims of ineffective assistance of counsel in the petition for writ of habeas corpus filed in the California Supreme Court. (LD 11.) In ground one, petitioner claimed trial counsel "failed to object as lack of discovery, and investigate evidence, when newly discovered items found in petitioner's shorts were admitted during trial." (Id. at 3.) In ground three, petitioner claimed trial counsel failed to investigate or research the law applicable to petitioner's case. (Id. at 4.) It appears petitioner claimed that trial counsel failed to properly demonstrate who shot the weapon, to rebut the prosecution's evidence that either petitioner or his co-defendant could have discharged the weapon. (Id.)

None of these ineffective assistance of trial counsel claims allege that trial counsel was ineffective for failing to move for dismissal of the robbery charge when the evidence only showed the crime of theft. Thus, petitioner has failed to exhaust claim 12, rendering claim 13 also unexhausted because claim 12 was not included in petitioner's cumulative error claim presented in the California Supreme Court. (LD 5.)

Thus, the instant petition is a "mixed petition," containing both exhausted and unexhausted claims. Where a petition combines exhausted and unexhausted claims, a district court may (1) dismiss the petition outright, Rose v. Lundy, 455 U.S. at 522, Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988); (2) dismiss the petition with leave to amend to delete the unexhausted claims and proceed with only the exhausted claims, Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000); (3) stay the action to allow the petitioner to return to state court to exhaust the unexhausted issue or issues, Rhines v. Weber, 544 U.S. 269, 277-78 (2005); or (4) strike the unexhausted claims and proceed solely on the exhausted claims. See Grazide v. McEwen, 2010 WL 4791637, at *4 (E.D. Cal. Nov.17, 2010) (dismissing unexhausted claims

and proceeding on exhausted claims without requiring the filing of an amended petition containing only exhausted claims); Lopez v. Brown, 2009 WL 4723727, at *1-2 (N.D. Cal. Dec. 8, 2009) (because stay and abeyance inappropriate in this case, unexhausted claims stricken from federal petition and respondent directed to file an answer addressing exhausted claim); see also Jones v. Clay, 2010 WL 144367, at *1 (N.D. Cal. Jan.11, 2010) (striking an unexhausted claim and directing respondent to respond to the exhausted claim set forth in the federal habeas petition).

Here, petitioner failed to address the issue of exhaustion, and provided no facts to demonstrate that he is entitled to a stay under Rhines. Therefore, petitioner is granted an opportunity to elect to proceed in three different ways.

First, if petitioner wishes to pursue the claims that have not yet been exhausted, he may file a motion to "stay and abey" this action. However, petitioner must inform the court why he previously failed to exhaust these claims. Under Rhines, 544 U.S. at 269, a district court has discretion to grant a stay and abeyance of a "mixed petition" (a petition that contains both exhausted and unexhausted claims) only if: (1) "the petitioner had good cause for his failure to exhaust;" (2) "his unexhausted claims are potentially meritorious;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. The Supreme Court made clear, however, that because staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings (and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to first exhaust all of his claims in state court), "*stay and abeyance should be available only in limited circumstances*." Rhines, 544 U.S. at 277 (emphasis added). Even if a petitioner shows good cause, the district court should not grant a stay if the unexhausted claims are plainly meritless. Id. Moreover, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78. Petitioner has addressed none of these considerations,

but must do so if he files a motion to "stay and abey" this action.

Second, in the alternative, petitioner may choose to proceed on the instant petition only as to his currently exhausted claims, which respondent will be required to answer. Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases. In other words, if petitioner selects this option, he will forego consideration of claim 12, or the consideration of claim 12 in the cumulative errors alleged in claim 13.

Third, petitioner may request dismissal without prejudice of this entire action, pending exhaustion of the unexhausted claims, and may thereafter file a new petition (and action) for writ of habeas corpus. Petitioner is advised, however, that if he chooses this option, he remains subject to the one-year statute of limitations for filing a federal habeas petition. Generally, the one-year period commences when the state court judgment becomes final by conclusion of direct review, or expiration of the time for seeking direct review. The statute of limitations is tolled while a properly filed application for state (but not federal) post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

The court, at this juncture, takes no position on the option petitioner should exercise or the legal ramifications of such an election.

Accordingly, the court partially grants respondent's motion to dismiss, and, if petitioner fails to elect one of the options set forth above, this action will proceed solely on petitioner's exhausted claims. See Grazide, 2010 WL 4791637, at *4 (where petitioner had the opportunity to exhaust unexhausted claims in a mixed petition but failed to do so, court dismissed unexhausted claims and proceeded on exhausted claims without requiring the filing of an amended petition).

////

Accordingly, IT IS HEREBY ORDERED that:

1. Alfonso Fillon, current warden of Salinas Valley State Prison, is substituted as respondent;

2. Respondent's August 30, 2011 motion to dismiss this action (Dkt. No. 13) is partially granted;

3. Within thirty days from the date of this order, petitioner shall complete and return the appended "Notice of Election" form, choosing one of the following options:

   a. File a motion to "stay and abey" the unexhausted claims; such motion shall address each of the considerations set forth in Rhines v. Weber, 544 U.S. 269 (2005), as set forth above; or

   b. File an amended petition raising only exhausted claims, which respondent shall answer within twenty-one days; or

   c. Request dismissal of this action in its entirety, pending the state court exhaustion of all petitioner's claims; thereafter, petitioner may file a new petition for writ of habeas corpus that contains only exhausted claims.

Petitioner is cautioned that if he fails to file the Notice of Election form, or fails to elect one of the three options, this action will proceed solely on petitioner's exhausted claims.

4. The Clerk of Court is directed to send petitioner the forms for filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

DATED: November 14, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

patr1195.fte

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICHOLAS PATRICK,

     Petitioner,                 No. 2:11-cv-1195 JAM KJN P

     vs.

ALFONSO FILLON,                 NOTICE OF ELECTION

     Respondent.

_____/

     Petitioner submits the following document in compliance with the court's order filed _____, and elects to proceed as follows:

     _____     Files a motion to "stay and abey" unexhausted claims; or

     _____     Files an Amended Petition, forfeiting unexhausted claims; or

     _____     Requests dismissal of this action.  Subsequent petitions are subject to the one year statute of limitations.  28 U.S.C. § 2244(d).

DATED:

                               _____
                               Petitioner